[Cite as *State v. Martinez*, 2013-Ohio-3189.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | C.A. No. 12CA0054 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUAN P. MARTINEZ | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. CRB-12-04-00553 |

DECISION AND JOURNAL ENTRY

Dated: July 22, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Juan Martinez, appeals from his convictions in the Wayne County Municipal Court. This Court affirms.

I

{¶2} Martinez and Shaliece Boreman had been in an on-again/off-again tumultuous romantic relationship for the past six or seven years, and had lived together for portions of the past three years. In December 2011, Boreman moved out of their apartment and the two ended their romantic relationship, but the two continued to see each other on occasion.

{¶3} At some point in late April, Boreman contacted Martinez to collect some of her belongings that were still in his possession. Martinez told her that he would leave her things outside the apartment. At about 1:30 a.m. on April 22, 2012, Boreman was in the neighborhood and decided to stop by to collect her things. When she did not see them outside, she knocked on his apartment door. According to Boreman, Martinez opened the door, grabbed her by her hair,

and dragged her inside. He then threw her onto the couch and started to punch her repeatedly in the face. Boreman was able to kick him off of her, and Martinez walked away. She then fled.

{¶4} Boreman ran to a friend's apartment that was close by and refused to contact the police or go to the hospital. In the morning, Boreman went to her father's house where he convinced her to go to the hospital. At the hospital, Boreman informed the staff that her ex-boyfriend had assaulted her and the staff contacted the police. Boreman gave the police an oral account of the attack, and later provided a written statement.

{¶5} The police made contact with Martinez at his apartment the following day. Martinez told the police that Boreman had arrived at 4 a.m. and had forced her way into the apartment. He admitted to the officers that he had struck her a couple of times in the face, with an open hand, while trying to prevent her from entering.

{¶6} Martinez was charged with one count of assault, in violation of R.C. 2903.13(A), and one count of domestic violence, in violation of R.C. 2919.25(A), both misdemeanors of the first degree. After a bench trial, the trial court found Martinez guilty of both counts and merged them for sentencing. The court sentenced Martinez to 90 days in jail, 12 months of probation, and fined him $500 plus costs. Martinez now appeals and raises one assignment of error for our review.

II

Assignment of Error

DEFENDANT-APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE
WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} In his first assignment of error, Martinez argues that his domestic violence conviction is against the manifest weight of the evidence. Martinez limits his argument to his

conviction for domestic violence, and does not challenge the finding of guilt on the assault charge. Therefore, we will limit our review accordingly.

{¶8} A person is guilty of domestic violence if he or she "knowingly cause[s] or attempt[s] to cause physical harm to a family or household member." R.C. 2919.25(A). A household member is defined, in relevant part, as someone who has cohabitated with the offender within the past five years. R.C. 2919.25(F)(1)/(2).

{¶9} "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387. An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶10} Martinez argues that his version of the events is more plausible because Boreman "exhibited significant credibility problems." Specifically, Martinez argues that Boreman's version of the events is not credible because: (1) Boreman arrived at his apartment around 2 a.m.; (2) nobody heard Martinez screaming at Boreman as she described; (3) there were no injuries to

Boreman's scalp; and (4) Boreman did not immediately seek medical attention or notify the police.

{¶11} The State presented two witnesses at trial, Boreman and Officer David Marks. Boreman testified that she left a friend's apartment about 1:30 a.m. and decided to stop by Martinez's apartment to collect her belongings that were supposed to be left outside. Boreman explained that his apartment was on her way to another friend's apartment where she was headed next.

{¶12} When she arrived and did not find her belongings outside, she decided to knock on Martinez's door. She testified that after the second knock, he opened the door quickly and grabbed her by her hair. While shouting at her that she was a liar, he pulled her into the apartment by her hair and threw her on the couch. She said that he then began hitting her in her face with his fists. She testified that she did not scream, and that she was uncertain if Martinez continued to shout at her throughout the attack. She just remembered him calling her a liar a couple of times. Ultimately, Boreman was able to kick him away from her and he walked away. Boreman then fled and ran to a nearby friend's apartment.

{¶13} Despite her friend's request, Boreman refused to call the police or seek medical attention that evening. She said she put ice on her face and stayed the rest of the night with her friend. After the sun rose, Boreman went to her father's house. After her father saw her injuries, he convinced her to go to the hospital. At the hospital, Boreman told the staff that her ex-boyfriend had assaulted her and they contacted the police.

{¶14} Orrville police officer David Marks responded to the call. Officer Marks testified that when he arrived at Aultman Orrville Hospital he spoke with Boreman, who appeared upset and looked like she had been crying. He further testified that he observed injuries to her face,

neck, and shoulder. He did not observe any injuries to her scalp, but explained that, in his experience, scalp injuries are hard to see when the victim has long hair. Boreman provided Officer Marks an account of the assault.

{¶15} Officer Marks spoke with Martinez the following day. According to Officer Marks, Martinez told him that Boreman had arrived at his apartment uninvited around 4 a.m. He said that when he opened the door, Boreman attempted to force her way in. In his effort to push her back out of the apartment, he struck her twice in the face with an open hand. Officer Marks testified that he did not observe any injuries to Martinez's hands and that Martinez was respectful and cooperative.

{¶16} Martinez did not present any evidence at trial. Instead, he argues that his version of the events given to Officer Marks is more credible. However, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. A verdict is not against the manifest weight of the evidence because the finder of fact chose to believe the State's witnesses rather than the defendant's version of the events. *See State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28.

{¶17} After reviewing the record and giving the trier of fact its due deference as to the issue of credibility, we cannot conclude that this is an extraordinary case where the jury clearly lost its way. Martinez's assignment of error is overruled.

III

{¶18} Martinez's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

BRIAN L. SUMMERS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.