[Cite as *State v. Bean*, 2014-Ohio-908.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26852 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KELLEY E. BEAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 10 2845 |

DECISION AND JOURNAL ENTRY

Dated: March 12, 2014

HENSAL, Judge.

{¶1}    Appellant, Kelley E. Bean, appeals her convictions in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}    Ms. Bean was indicted by the Grand Jury for one count of felonious assault under Revised Code Section 2903.11(B)(1) for knowingly engaging in sexual conduct with the victim, T.D., without disclosing to him in advance that she was HIV positive.  She was also indicted for one count of domestic violence under Section 2919.25(B).  The Grand Jury later supplemented the indictment with an additional count of felonious assault under Section 2903.11(B)(1) for engaging in sexual conduct with a different victim, R.M., without disclosing to him in advance that she was HIV positive.  The supplemental indictment alleged that Ms. Bean committed the offense against R.M. after she had been charged with the offenses involving T.D.

**{¶3}** Ms. Bean pleaded not guilty to all the charges, and the case proceeded to a jury trial. At the close of the State's evidence, the trial court granted her motion for acquittal under Criminal Rule 29 on the domestic violence charge, but overruled the motion on the felonious assault charges. The jury convicted her of both charges, and the trial court sentenced her to a total of eight years in prison. Ms. Bean appeals her convictions and raises three assignments of error, which this Court rearranges to facilitate our analysis.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF FELONIOUS ASSAULT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR III

MS. BEAN'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

**{¶4}** Ms. Bean argues that her convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Although Ms. Bean challenges the sufficiency of the evidence in her second assignment of error, she does not develop any argument in support. *See* App.R. 16(A)(7). Instead, she focuses her argument on whether her convictions were against the manifest weight of the evidence. This Court confines our analysis accordingly.

**{¶5}** To determine whether Ms. Bean's convictions were against the manifest weight of the evidence, this Court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts

in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340, (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* The appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶6} Ms. Bean was convicted of two counts of violating Revised Code Section 2903.11(B)(1), which provides that:

> No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly * * * [e]ngage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct.

Section 2903.11(E)(4) relies upon Section 2907.01 for the definition of "sexual conduct." Section 2907.01 defines "[s]exual conduct" as "vaginal intercourse between a male and female; * * * fellatio[] and cunnilingus[.]"

{¶7} The parties stipulated to the fact that Ms. Bean is a carrier of the virus, commonly known as HIV, which causes acquired immunodeficiency syndrome, also known as AIDS. Ms. Bean argues that the State produced "weak" evidence that consisted solely of uncorroborated testimony from T.D. and R.M. She further argues that T.D.'s testimony, in particular, was not credible and refuted by her witness's testimony.

**Victim – T.D.**

{¶8} T.D. testified that he met Ms. Bean in Lima, Ohio in November or December of 2009 and immediately entered into a romantic relationship with her. The couple had vaginal and oral intercourse for the first time a few days after they met. According to T.D., Ms. Bean neither told him that she was HIV positive prior to engaging in the sexual conduct nor did they use a condom. The couple moved to the Akron area in January of 2010 and were engaged to be married shortly thereafter. T.D. testified that he and Ms. Bean continued to engage in vaginal and oral intercourse on a regular basis without using a condom. According to him, at no time did Ms. Bean ever tell him that she was HIV positive.

{¶9} T.D. testified that he and Ms. Bean ended their relationship in September of 2010 when he met another woman. He was charged with an unspecified criminal offense after a confrontation with Ms. Bean in his hospital room wherein she alleged that he threatened to kill her. According to T.D., he resolved the case by a plea bargain so that he could be released from jail. T.D. further testified that he found out he was HIV positive on April 15, 2011, after a doctor recommended he get tested. T.D. maintained that, although he could not remember when he was last tested, a prior test for HIV was negative.

{¶10} According to him, he suspected that Ms. Bean infected him with HIV after receiving several emails from her approximately six weeks after his diagnosis. The State submitted into evidence two emails addressed to T.D. from the email address "kbeand* * * * *@yahoo.com" with "Kelley Bean-d * * * * *" listed as the sender in the tag line. Ms. Bean allegedly wrote in an email dated May 21, 2011, that, "[y]ou thiNk Your goiNg to live long, I aM going to Make Sure you die!! YoUr [wife] that YoU marRied will get hers as WelL, I gaVe You MOre than death. * * * I wIlL gEt thE lAst laUgh." T.D. testified that he and Ms. Bean

exchanged emails throughout their relationship and that "Kelley Bean-D * * * * *" was in the tag line of her emails. According to T.D., Ms. Bean started to use that last name when the couple was engaged. He further testified that Ms. Bean distinctively used both upper and lower case letters in each word when she wrote. The State also offered into evidence a copy of a Facebook message from "Kelley Bean-D * * * * *" to T.D.'s wife that stated, "I WoN[.]"

{¶11} As Ms. Bean argues, T.D.'s credibility was an issue in the case. He testified that, the first time he engaged in sexual intercourse with Ms. Bean, he was drinking alcohol and smoking marijuana. T.D. admitted that marijuana use impacts his memory. He could not recall what he and Ms. Bean talked about during their first sexual encounter, which was possibly due to his marijuana use.

{¶12} T.D. further acknowledged during his testimony that he was angry with Ms. Bean both for pressing criminal charges against him for threatening her and for transmitting HIV to him. He also admitted that he wanted to get back at her for failing to tell him that she had HIV. The parties stipulated to the admission of a business record from Yahoo.com that demonstrated the account from which the May 21, 2011, email was sent was not created until May 14, 2011, which was well after the cessation of the couples' relationship. Ms. Bean argued that this indicated that T.D. created the emails himself as a form of retribution against her. While he denies fabricating both the email and Facebook messages, T.D. acknowledged that he knew how to set up both kinds of accounts.

{¶13} After T.D. learned of his diagnosis, he testified that he contacted the police to inquire about pressing charges against Ms. Bean. T.D. admitted during his testimony that he lied to the police when he told them that Bean acknowledged that she transmitted HIV to him in a

three-way telephone call. According to him, he lied about the telephone call in order to ensure that the police addressed his claims quickly.

{¶14} In her defense, Ms. Bean offered the testimony of her long-time friend, Kevin Robertson. Mr. Robertson testified that he drove T.D. and Ms. Bean from Lima to Barberton on January 1, 2010. According to him, all three of them smoked marijuana during the car ride. Mr. Robertson testified that he overheard a conversation between T.D. and Ms. Bean wherein T.D. said that he did not want to use a condom anymore when they had sex. According to Mr. Robertson, Ms. Bean informed him that she did not want to have "skin sex" because she had HIV. Mr. Robertson testified that T.D. had no reaction to Ms. Bean's comment about having HIV and acted like the conversation never occurred.

{¶15} While there were some issues with T.D.'s credibility, this Court notes that "a jury is free to believe or reject the testimony of each witness, and issues of credibility are primarily reserved for the trier of fact." *State v. Miles*, 9th Dist. Summit No. 26187, 2012-Ohio-2607, ¶ 24, quoting *State v. Rice*, 9th Dist. Summit No. 26116, 2012-Ohio-2174, ¶ 35. "A verdict is not against the manifest weight of the evidence because the [jury] chose to believe the State's witnesses rather than the defendant's version of the events." *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16.

{¶16} Ms. Bean also suggests that T.D. contracted HIV from someone other than her due to his lifestyle choices. We note that the State is not required to prove under the felonious assault statute that the victim contracted HIV from the defendant. The pertinent inquiry under Revised Code Section 2903.11(B)(1) is whether a defendant, who is infected with the virus that causes AIDS, informed the victim of that fact prior to engaging in sexual conduct.

{¶17} After a careful review of the record, this Court does not agree that this is the exceptional case where the jury lost its way by convicting Ms. Bean of felonious assault resulting from her conduct with T.D. *See Otten*, 33 Ohio App.3d at 340.

**Victim – R.M.**

{¶18} R.M. testified that he met Ms. Bean at a bus terminal in Akron in January of 2012. The couple began having intimate conversations that included Ms. Bean telling R.M. that she was "disease free." The relationship eventually became physical. R.M. testified that his first sexual encounter with Ms. Bean occurred when she performed fellatio on him. According to R.M., she never said she had HIV before doing so and no condom was used. Subsequently, the couple had oral and vaginal intercourse two or three times at a hotel. R.M. testified that Ms. Bean never informed him of her HIV status prior to engaging in this conduct and a condom was not used.

{¶19} At some unspecified point in their relationship, according to R.M., Ms. Bean was hospitalized for a medical condition. R.M. testified that, as he walked into her hospital room, he overheard her tell a doctor that she was taking medication to prevent HIV. According to R.M., he was familiar with the medication because he had worked in a hospital for 13 years. R.M. further testified that, when he asked Ms. Bean directly if she had HIV, she responded in the negative. R.M. said that Ms. Bean stated that "she would never do that to [him] and that she wasn't HIV positive." According to R.M., Ms. Bean explained that she was taking the medication because she had sexual intercourse with someone who was HIV positive. R.M. also maintained that, when he asked her again in a subsequent telephone call whether she had HIV, she denied it and said she would not do such a thing to him. R.M. testified that he believed her denials of having HIV because they were in a relationship.

{¶20} R.M. testified to having sexual intercourse with Ms. Bean on two occasions one week after her discharge from the hospital. In both instances, Ms. Bean neither told him she was HIV positive nor did the couple use a condom.

{¶21} R.M. acknowledged that he was aware Ms. Bean was involved in a pending court case involving a former boyfriend and his wife. According to him, Ms. Bean told him that the case concerned an assault involving her last boyfriend. R.M. testified that she did not tell him about the nature of the charges involving T.D. Rather, Ms. Bean told him that the charges against her arose out of a computer and Facebook dispute.

{¶22} The parties stipulated to the fact that Ms. Bean wrote two letters to R.M. while she was in jail. In the first letter, that was postmarked April 5, 2012, Ms. Bean described a fantasy she had of engaging in sexual intercourse with him upon her release from jail. In a second letter, that was postmarked April 19, 2012, Ms. Bean wrote that, "if you want to know the truth on what[']s going on[,] yes[,] I am HIV pos[itive] [.]" R.M. testified that this was the first time she had told him that she was HIV positive. He further testified that, at the time of trial, he was HIV negative.

{¶23} Ms. Bean makes a limited argument that her conviction for felonious assault involving R.M. was against the manifest weight of the evidence by highlighting that the State's case consisted solely of R.M's testimony. As previously stated, "[a] verdict is not against the manifest weight of the evidence because the [jury] chose to believe the State's witnesses rather than the defendant's version of the events." *Martinez*, 2013-Ohio-3189 at ¶ 16. She also suggests that his testimony was not credible because, despite his testimony of several sexual encounters with her, he "amazingly" did not contract the virus. As stated above, Section 2903.11(B)(1) does not require that the State prove that the victim contracted HIV from the

defendant. Further, Ms. Bean's implication that it is improbable that the victim engaged in sexual conduct with her because he did not contract the virus is not supported by her in any way. This Court does not conclude that Ms. Bean's conviction arising out of her conduct with R.M. is against the manifest weight of the evidence. Accordingly, her second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED BEAN'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DENIED BEAN'S MOTION TO SEVER THE TWO SEPARATE OFFENSES.

{¶24} Ms. Bean argues that the trial court erred when it denied her motion to sever the charges in the indictment. We disagree.

{¶25} Criminal Rule 8(A) permits the joinder of two offenses in the same indictment that are "of the same or similar character * * * or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." "The law favors joining multiple criminal offenses in a single trial[.]" *State v. Franklin*, 62 Ohio St.3d 118, 122 (1991). However, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts * * * or provide such other relief as justice requires." Crim.R. 14. In order to prove that the trial court erred in denying her motion to sever, Ms. Bean must establish that:

(1) * * * h[er] rights were prejudiced; (2) that at the time of the motion to sever [s]he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial; and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.

*State v. Schaim*, 65 Ohio St.3d 51, 59 (1992).

{¶26} Initially, this Court must determine whether Ms. Bean forfeited her right for appellate review of the trial court's ruling on her motion to sever. Ms. Bean filed a written pretrial motion to sever the two victims' charges, which was denied by the trial court. She orally renewed her motion at the final pretrial, and again prior to the start of trial, both of which were denied by the trial court. Ms. Bean failed, however, to renew her motion at any time after the commencement of trial. "If a defendant seeks to challenge [her] indictment pursuant to Crim.R. 8 on the basis that multiple counts should not have been joined in a single indictment, [s]he need not renew a motion to sever." *State v. Abraham*, 9th Dist. Summit No. 26258, 2012-Ohio-4248, ¶ 7. A motion to sever made under Criminal Rule 14, however, requires that the defendant renew her motion either at the close of the State's case or at the conclusion of all the evidence. *Id.*, quoting *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922 and 10CA009915, 2012-Ohio-1263, ¶ 17.

{¶27} While she cited both Rule 8 and Rule 14 in her motion, and set forth arguments under both Rules in her appellate brief, the substance of her argument at the trial court concerned the prejudicial effect on her right to a fair trial if all the charges were tried to the jury together. Thus, the crux of her argument concerned Rule 14 rather than Rule 8. Ms. Bean was, therefore, required to renew her motion to sever after the commencement of trial and her failure to do so has forfeited all but plain error on appeal. *State v. Boden*, 9th Dist. Summit No. 26623, 2013-Ohio-4260, ¶ 42; *State v. Morgan*, 9th Dist. Summit No. 22848, 2006-Ohio-3921, ¶ 11. Thus, we review the trial court's denial of Ms. Bean's motion to sever for plain error.

{¶28} Criminal Rule 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional

circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶29} "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *Schaim*, 65 Ohio St.3d at 59. Ms. Bean argues that, under Evidence Rule 404(B), evidence of the crime involving T.D. would not be admissible in a separate trial for the crime involving R.M. and vice versa. Assuming arguendo that Ms. Bean is correct that evidence of the first offense would not be admissible in the trial of the second offense, she must still establish that the evidence was not simple and distinct. *See id.*; *Boden* at ¶ 44. Ms. Bean reiterates her argument made in the other assignments of error that the evidence was weak and that T.D., in particular, was not credible. Therefore, according to Ms. Bean, she was prejudiced when the jury heard evidence of both offenses as it was likely they would consider the evidence cumulatively and infer criminal disposition.

{¶30} While the nature of the offenses involved similar conduct (i.e. engaging in sexual conduct with the victims without informing them that she was HIV positive), that is where the similarities end. Each offense involved separate victims and different time periods that were separated by more than one year. Both victims testified that he did not know the other victim. In the case of T.D., the parties' relationship ended abruptly and contentiously. Ms. Bean questioned T.D.'s testimony concerning his lack of knowledge that she was HIV positive through Mr. Robertson's testimony. In addition, Ms. Bean disputed the authenticity of the emails wherein she implied that she transmitted the virus to him and his wife. However, in the case of R.M., Ms. Bean admitted in one of her jailhouse letters that she was HIV positive in

response to his repeated inquiries about whether she was infected with the virus. The testimony did not establish that Ms. Bean and R.M. had any animosity toward one another. Rather, the relationship ended after she revealed to him the "[w]hole truth" in her jailhouse letter. Ms. Bean does not make a compelling argument that the trial court's denial of her motion to sever the charges rises to the level of plain error as the evidence of the offenses pertaining to each victim was simple and distinct. Her first assignment of error is overruled.

III.

**{¶31}** Ms. Bean's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAWN M. KING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.