[Cite as *State v. Waller*, 2023-Ohio-493.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                      CASE NO. 13-22-10

      v.

JUSTYN T. WALLER,                          **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 2022-CR-0045

**Judgment Affirmed**

Date of Decision: February 21, 2023

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Rebeka Beresh* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Justyn T. Waller ("Waller"), appeals the July 6, 2022 judgment of sentencing of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 9, 2022, the Seneca County Grand Jury indicted Waller on one count of domestic violence in violation of R.C 2919.25(A), (D)(4), a third-degree felony. On March 11, 2022, Waller appeared for arraignment and entered a plea of not guilty.

{¶3} Prior to trial, Waller filed a notice in the trial court stipulating to his three prior domestic-violence convictions.[1] Waller then proceeded to a jury trial on June 14, 2022, wherein he was found guilty of domestic violence. Further, the jury made findings that Waller had been convicted of two or more domestic-violence offenses and that the State did prove beyond a reasonable doubt that Waller did not act in self-defense.

{¶4} On July 6, 2022, the trial court sentenced Waller to an 18-month prison term.

---

[1] It is unclear from the record if Amber Martin ("Martin") was the victim of Waller's 2012 and 2014 domestic-violence offenses. However, Waller testified (at trial) that Martin was the victim in his 2021 domestic-violence offense ultimately culminating in a conviction and his placement on probation in Hancock County. (June 14, 2022 Tr., Vol. I, at 219).

{¶5} Waller filed a timely notice of appeal and raises two assignments of error for our review. We will address his second assignment of error first then his first assignment of error.

**Assignment of Error II**

**Because the State's redirect examination of Amber Martin was beyond the scope of cross-examination, was designed to elicit otherwise inadmissible evidence, and prejudiced Appellant, the trial court abused its discretion in allowing the State to conduct redirect examination of Amber Martin as to the Appellant's alleged prior acts, prior to the incident in question, beyond the scope of cross-examination.**

{¶6} In his second assignment of error, Waller argues that the trial court erred by permitting the State to exceed the scope of cross-examination during redirect examination. Specifically, Waller asserts that because the trial court permitted the State to exceed the scope of Waller's cross-examination the State was permitted to introduce "other acts" evidence that was unfairly prejudicial under Evid.R. 403(A).

*Standard of Review*

{¶7} "Generally, '[a] trial court is given broad discretion in admitting and excluding evidence * * * .'" *State v. Wendel*, 3d Dist. Union No. 14-16-08, 2016-Ohio-7915, ¶ 23, quoting *State v. Williams*, 7th Dist. Jefferson No. 11 JE 7, 2013-Ohio-2314, ¶ 7, citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). Consequently, we review a trial court's admission or exclusion of evidence for an abuse of discretion. *Williams* at ¶ 7. An abuse of discretion suggests that a decision

is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151,157-158 (1980).

*Analysis*

{¶8} Ordinarily, "the scope of redirect examination is limited to matters inquired into by the adverse party on cross-examination." *State v. Rucker*, 8th Dist. Cuyahoga No. 105628, 2018-Ohio-1832, ¶ 59, citing *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, ¶ 41, and *State v. Wilson*, 30 Ohio St.2d 199, 204 (1972). However, it is within the trial court's discretion to allow a witness to testify on redirect examination to facts, which could have been elicited during his or her testimony in chief. *Id.* Nevertheless, exceeding the scope of cross-examination in a redirect is not *per se* error because the redirect is not necessarily limited to the subject areas discussed in cross-examination. *Id.*, citing *State v. Faulkner*, 56 Ohio St.2d 42 (1978), and *State v. Capko*, 8th Dist. Cuyahoga No. 56814, 1990 WL 37344 (Mar. 29, 1990). "The control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." *Wilson* at 204.

{¶9} Importantly, the trial court controls the mode and order of interrogating witnesses and the presentation of evidence. Evid.R. 611. Specifically, the trial court must exercise reasonable control over the mode and order of interrogating witnesses and the presentation of evidence for the purpose of "(1) mak[ing] the interrogation

and presentation effective *for the ascertainment of the truth*, (2) avoid[ing] needless consumption of time, and (3) protect[ing] witnesses from harassment or undue embarrassment." (Emphasis added.) *Id.* Evid.R. 611(B) then sets forth the scope of cross-examination stating that it "shall be permitted on all *relevant* matters and matters affecting credibility." (Emphasis added.) "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Indeed, only relevant evidence is admissible. Evid.R. 402.

{¶10} On the other hand, the scope and extent of redirect examination is to clarify matters raised on cross-examination (i.e., to explain, rebut, or avoid the effect of a new matter brought out on cross-examination) and to rehabilitate a witness who was attacked or impeached on cross-examination. *See State v. Roby*, 6th Dist. Fulton No. F-87-3, 1988 WL 30499, *5 (Mar. 11, 1988); *State v. Parker*, 11th Dist. Lake No. 9-162, 1983 WL 6153, *1 (June 20, 1983) citing *Birns v. Perini*, 426 F.2d 1288 (6th Cir.1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1609 (1971).

{¶11} Moreover, the trial court has the discretion under R.C. 2945.10(D) to permit evidence to be offered out of order. *State v. Jenkins*, 15 Ohio St.3d 164 (1984), paragraph eleven of the syllabus; *State v. Graven*, 54 Ohio St.2d 114, 115 (1978).

**{¶12}** Here, Martin testified as a witness during the State's case-in-chief. During cross-examination, the following exchange took place between Waller's trial counsel and Martin:

| [Waller's Trial Counsel] | Ms. Martin, had you and Mr. Waller ever been physical before? |
|---|---|
| [Martin] | Yes. |
| [Waller's Trial Counsel] | And had you ever pushed him before? |
| [Martin] | Probably after he pushed me. |
| [Waller's Trial Counsel] | But you -- it's your testimony that you have never been the initial aggressor in an altercation with him? |
| [Martin] | Correct. |

(June 14, 2022 Tr. at 133). Then, on redirect examination, the following exchange occurred between the trial court, the State, Martin, and Waller's trial counsel:

| [State of Ohio] | Ms. Grandillo has referenced that the defendant has been physical with you before? |
|---|---|
| [Martin] | Yes. |
| [State of Ohio] | What has he done? |
| [Waller's Trial Counsel] | Objection, Your Honor. That's not the question. The question was had the parties been physical together before. |
| [Trial Court] | It's all cross-examination. Overruled. You may answer. |
| [Martin] | Can you please repeat the question? |
| [State of Ohio] | Yes. You were asked if Mr. Waller has been physical with you before, and how he has been? |
| [Martin] | Yes, the same situation a year ago. |
| [State of Ohio] | And what type of physical altercation did he do? |
| [Martin] | It was strangulation again. |

| [State of Ohio] | Okay. So he put his hands on your neck? |
| [Martin] | Yeah. |
| [State of Ohio] | Was he convicted of that? |
| [Martin] | No. |
| [State of Ohio] | I'm sorry? |
| [Martin] | No. I don't know. |

(*Id.* at 134-135).

**{¶13}** Contrary to Waller's argument, we find no abuse of discretion or prejudice here. Even though the defense stipulated to the admission of Waller's prior domestic-violence convictions (obviating the State's need to prove that element of the crime as to the penalty enhancement), the defense, on cross-examination, Waller *opened the door* to evidence of the specific acts involving Martin and Waller by attempting to prove that Martin was the primary physical aggressor to support his self-defense claim.[2] *See State v. Salyer*, 3d Dist. Allen No. 1-19-17, 2020-Ohio-147, ¶ 32.

**{¶14}** To us, on redirect, the State merely clarified the circumstances involving Waller's prior involvement with Martin in order to rebut the assertion that Martin was the primary physical aggressor.[3] Thus, because the defense *opened the door* and placed Martin's character at issue, the State was entitled to rebut any false

---

[2] We decline to address whether the Waller's *act* of strangulation constitutes an "other act" under the circumstances presented in this appeal since Waller's assignment of error asks us to address whether the State's questions were outside the scope of cross-examination on redirect examination and not determine the admissibility of "other acts" evidence under Evid.R. 404(B).

[3] We further decline to address whether these specific instances of conduct are admissible under Evid.R. 405 for either the accused or victim since that issue was also not raised on appeal.

impression that may have resulted from her earlier testimony made under cross-examination. *See State v. Greene*, 10th Dist. Franklin No. 17AP-238, 2019-Ohio-4010, ¶ 75, *appeal not accepted*, 157 Ohio St.3d 1539, 2020-Ohio-122; *State v. Dennis*, 10th Dist. Franklin No. 05AP-1290, 2006-Ohio-5777, ¶ 34; *State v. Herron*, 8th Dist. Cuyahoga No. 99110, 2013-Ohio-3139, ¶ 25 (Where the record demonstrates defense counsel's "questions of the witnesses 'opened the door' to the evidence he now challenges, neither Evid.R. 403(A) nor 404(B) avail him.").

**{¶15}** Nonetheless, we note that Waller suffered no prejudice as a result of the State's redirect of Martin because Waller ultimately testified, at the time of his altercation with Martin that he called his probation officer on the phone telling him that "I just put my hands around my girlfriend's throat. And if I don't go to jail, she's going to die." (June 14, 2022 Tr. Vol. I, at 139). As such, Waller's admission cleared the way for the jury to decide the case on the facts presented, not on Waller's past conduct.

**{¶16}** Accordingly, Wallers's second assignment of error is overruled.

### Assignment of Error I

**Because the jury lost its way and created a manifest miscarriage of justice in finding Appellant guilty of Domestic Violence, Appellant's conviction was against the manifest weight of the evidence.**

**{¶17}** In his first assignment of error, Waller argues that the jury's verdict is against the manifest weight of the evidence. Specifically, Waller asserts that Martin

Case No. 13-22-10

was not a victim, but rather the primary physical aggressor who used her knowledge of Waller's criminal history to provoke him to act in self-defense.[4]

*Standard of Review*

{¶18} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by state statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

---

[4] To the extent Waller's argument appears to sound in sufficiency, we need not address his argument since Waller's assignment of error concerns the manifest weight of the evidence. *See* App.R. 12(A)(1)(b); App.R. 16(A)(3).

*Analysis*

**{¶19}** Ultimately, this case involves a classic "he-said/she-said" scenario wherein Martin and Waller testified to different versions of the events transpiring on February 23, 2022. To us, Waller is challenging Martin's credibility, asserting that the jury should have found *him* to be more credible. Indeed, in the instant case, where there is little-to-no physical evidence of violence, credibility of the witnesses is the primary factor in determining guilt. *See State v. Coleman*, 3d Dist. Logan No. 8-17-50, 2018-Ohio-1681, ¶ 43. "Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact." *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus.

**{¶20}** Significantly, the jury had the opportunity to observe Martin and Waller who both testified at trial. Based upon our review of the record it is clear that the jury simply found Martin to be more credible. Indeed, the jury "is best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.*, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Moreover, it is within the province of the jury to parse out the credible portions of the witnesses'

testimonies, principally as it pertained to who the primary physical aggressor was on February 23, 2022. *See State v. Wainwright*, 7th Dist. Mahoning No. 119 MA 0023, 2020-Ohio-623, ¶ 37, citing *State v. Mastel*, 26 Ohio St.2d 170, 176-177 (1971). "'"A verdict is not against the manifest weight of the evidence because the [jury] chose to believe the State's witnesses rather than the defendant's version of the events.'"" *State v. Missler*, 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 44, quoting *State v. Bean*, 9th Dist. Summit No. 26852, 2014-Ohio-908, ¶ 15, quoting *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16.

**{¶21}** After reviewing the entire record, we will not say that the evidence weighs heavily against Waller's domestic-violence conviction. Consequently, we do not conclude that the jury clearly lost its way creating a manifest miscarriage of justice such that Waller's conviction must be reversed and a new trial ordered.

**{¶22}** Accordingly, Wallers's first assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his assignments of error, we affirm the judgment of the Seneca County Court of Common Pleas.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWKI, J., concur.**

**/jlr**