[Cite as *State v. Herron*, 2013-Ohio-3139.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 99110

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL L. HERRON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561135

**BEFORE:** Rocco, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Heights, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Matthew E. Meyer
           Adam M. Chaloupka
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Michael Herron appeals from his conviction and the journal entry of sentence imposed after a jury found him guilty of fourth-degree felony domestic violence.

{¶2} Herron presents two assignments of error. He asserts the trial court abused its discretion in permitting the state to inquire of the witnesses about a previous conviction for the same offense that occurred more than ten years earlier. He further asserts the trial court acted contrary to law in failing to grant him credit for time served.

{¶3} Because the record reflects no abuse of discretion occurred, and because the supplemental record reflects the trial court issued an additional journal entry that credited Herron with time served, his first assignment of error is overruled, and his second assignment of error is rendered moot. Herron's conviction and sentence are affirmed.

{¶4} Herron's conviction results from an incident that took place on February 3, 2012. The victim provided the following testimony at Herron's trial.

{¶5} The victim had lived with Herron for approximately ten years; he was the father of her two youngest children. In the summer of 2011, the victim ended her romantic relationship with Herron. Following the victim's marriage to another man in November 2011, Herron sought to obtain custody of his children.

{¶6} Because the older child had behavioral problems, the victim had applied to obtain Social Security Disability benefits for him. Although her initial application had

been denied, she filed an appeal and asked her adult daughter to accompany her to the hearing that had been scheduled for that day at the Social Security benefits office.

{¶7} The victim and her daughter seated themselves in the waiting area after they arrived. A few minutes later, Herron also arrived. He seemed angry and commented to the victim that her failing to inform him of the hearing "was sneaky, bitch." Herron also demanded to know why she had not provided him with that information. His demeanor attracted the attention of others in the waiting area.

{¶8} When the victim's attorney indicated she should enter the hearing room, Herron followed them inside. The victim's daughter remained outside. The attorney asked the two to be seated, briefly described the process of the appeal hearing, told the victim and Herron that she would find out whether the hearing officer was ready to proceed, then left the hearing room.

{¶9} Left alone with the victim, Herron continued to berate her. Her responses dissatisfied him to the point that he "slapped" her hard enough to leave a red mark on her face. The victim rose and left the room.

{¶10} The victim's daughter noticed immediately that something was wrong. She asked her mother what happened, and the victim stated, "He slapped me." Using her cell phone, the victim's daughter took photos of the red mark on her mother's face.

{¶11} At that point, the attorney came out to the waiting area to inform the victim and Herron that the hearing would be rescheduled. The victim followed the advice of the

building's security guards by stopping at the police station on her way home to report the incident.

**{¶12}** Herron subsequently was indicted on one count of domestic violence; the indictment contained a furthermore clause indicating Herron had previously been convicted of the same offense in October 2001. Herron took the case to a jury trial. After the state presented its case-in-chief, Herron testified on his own behalf.

**{¶13}** The jury ultimately found Herron guilty of the offense. The trial court sentenced him to a prison term of nine months, but neglected to indicate in the journal entry of sentence that Herron should have credit for time served while awaiting trial.

**{¶14}** Herron now appeals from his conviction and the sentence imposed with the following two assignments of error:

> **I. The trial court committed error in allowing the prosecution to present evidence relative to an eleven year old conviction.**
> **II. Plain error was committed in neglecting to compute jail time credit.**

**{¶15}** In his first assignment of error, Herron asserts that the trial court abused its discretion and committed plain error in permitting the prosecutor to elicit details of his 2001 conviction for domestic violence. Herron argues that, because he stipulated to the conviction, the prosecutor should have been precluded pursuant to Evid.R. 609(B), Evid.R. 404(B),[1] and Evid.R. 403(A)[2] from posing questions to the witnesses relating to the conviction.

---

[1]That rule provides, in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

**{¶16}** The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus. Therefore, an appellate court will not disturb a trial court's ruling absent an abuse of discretion. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14. A trial court abuses its discretion only when it acts in an unreasonable, arbitrary, or unconscionable manner. *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989).

**{¶17}** In addition, Herron failed to object to the evidence. The failure to object has been held to constitute a waiver of the alleged error and to preclude its consideration on appeal. *State v. Loza,* 71 Ohio St.3d 61, 75, 641 N.E.2d 1082 (1994). Plain error is only recognized where, but for the error, the result of the trial would clearly have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. No error, plain or otherwise, occurred in this case.

**{¶18}** Evid.R. 609 provides for impeachment by evidence of the conviction of a crime, but time limits exist on the use of that information. Evid.R. 609(B) states:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of

---

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. * * * ."

[2]That rule provides: "(A) Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

{¶19} In this case, the trial court did not allow the prosecutor to question witnesses about Herron's prior conviction in contravention of Evid.R. 609. Indeed, Evid.R. 609 did not apply. In *State v. Kraus*, 12th Dist. No. CA2006-10-114, 2007-Ohio-6027, ¶ 73-75, the court observed:

> One commentator has stated:
>
> "[Evidence] Rule 609 applies only when a prior conviction is offered to impeach a witness by showing character for untruthfulness. *If the evidence is offered under an impeachment theory other than character, Rule 609 does not apply.* Similarly, *if evidence of prior conviction is offered for reasons other than impeachment, Rule 609 does not apply.*" 1 Giannelli & Snyder, Evidence (2007) 458, Section 609.3.
>
> *Evidence of an accused's prior conviction may be admitted to prove such things as an element of an offense*; a witness' bias; or motive, opportunity, or intent, as set forth in Evid.R. 404(B). *Id. Evidence of a prior conviction may also be admitted for purposes of rebuttal. Id.* at 459. *When evidence of a prior conviction is admitted for these purposes, the requirements of Evid.R. 609 do not apply.* See *id.* at 458-459.

(Emphasis added.)

{¶20} In this case, Herron was charged with fourth-degree felony domestic violence. Pursuant to R.C. 2919.25(D)(3), a prior domestic violence conviction raises the degree of a later offense from a first-degree misdemeanor to a fourth-degree felony.

{¶21} Where a prior conviction elevates the degree of a subsequent offense, the prior conviction is an essential element that the state must prove beyond a reasonable

doubt. *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979). Because Herron's prior felony conviction elevated the degree of the instant charge against him, Evid.R. 609(B) did not apply, and the trial court properly admitted that evidence. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 90.

**{¶22}** Herron's claims that the evidence should have been precluded pursuant to Evid.R. 403 and 404(B) also miss the mark. The record reflects Herron's defense counsel cross-examined the victim in an effort to impeach her testimony on direct examination that she had no knowledge of Herron's 2001 conviction. In *State v. Davis*, 195 Ohio App.3d 123, 2011-Ohio-2387, 958 N.E.2d 1260, ¶ 26-28 (8th Dist.), this court addressed a similar factual situation and stated as follows:

> While defendant cites Evid.R. 404(B) for the proposition that evidence of past wrongs or acts "is not admissible to prove the character of a person in order to show action in conformity therewith," we need not discuss this because we find that the testimony falls under the Evid.R. 404(A)(1) exception to the inadmissibility of character evidence in general. Evid.R. 404(A)(1) states that character evidence is not admissible unless "(1) * * * offered by an accused, or by the prosecution to rebut the same * * *." This court has held that *error will not be found when the defense "opens the door" to otherwise inadmissible evidence. State v. Clemence*, Cuyahoga App. No. 81845, 2003-Ohio-3660, citing *State v. Greer* (1988), 39 Ohio St.3d 236, 530 N.E.2d 382.

**{¶23}** Looking at the proffered testimony in light of the above evidentiary rules and case law, we cannot say that it was a plain and obvious error to allow the same. Although the victim's mother testified for the state, she initially said that she had no problems with defendant. Defense counsel expanded on this, possibly because it may have been favorable to him. This "opened the door" for the state to present rebuttal

testimony that the witness did, in fact, have problems with defendant. Defense counsel then *expanded on this line of questioning*, presumably *to impeach the state's witness by pointing out her inconsistencies*.

{¶24} "[A] criminal defendant may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error." *State v. Doss*, 8th Dist. No. 84433, 2005-Ohio-775. Pursuant to the invited error doctrine, "a party is not entitled to take advantage of an error that he himself invited or induced the court to make." (Emphasis added.) *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 409, 2002-Ohio-4849, 775 N.E.2d 517.

{¶25} Because the record demonstrates that Herron's questions of the witnesses "opened the door" to the evidence he now challenges, neither Evid.R. 403(A) nor 404(B) avail him. The trial court did not improperly admit evidence of Herron's 2001 conviction for domestic violence. Consequently, his first assignment of error is overruled.

{¶26} Herron argues in his second assignment of error that the trial court improperly failed in the journal entry of his sentence to grant him credit for time served. This court, however, has granted the state's motion to supplement the record with a certified copy of the trial court's journal entry filed January 17, 2013. Therein, the trial court granted Herron's motion for "jail-time credit" and ordered that Herron receive 34 days of credit. Herron has received the relief he seeks, thus, his second assignment of error is moot. *State ex rel. Warren v. Friedland*, 8th Dist. No. 99541, 2013-Ohio-2102.

**{¶27}** Herron's conviction and sentence are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR