[Cite as *State v. Rice*, 2016-Ohio-8443.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

MCCOY RICE

    Appellant

C.A. Nos.    27386
                 27551

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 2013 09 2670
                CR 2013 07 2044

DECISION AND JOURNAL ENTRY

Dated: December 28, 2016

---

WHITMORE, Judge.

{¶1} Appellant, McCoy Rice, appeals from the Summit County Court of Common Pleas' May 14, 2014 judgment in Case No. CR 2013 07 2044[1], and from the September 15, 2014 judgment in Case No. CR 2013 09 2670. This Court dismisses the appeal[2] from the September 15, 2014 judgment in Case No. CR 2013 09 2670 for lack of jurisdiction. Further, this Court affirms the May 14, 2014 judgment in Case No. CR 2013 07 2044[3].

---

[1] Even though C.A. No. 27836 remained pending with this Court, on September 23, 2014, the trial court issued an amended judgment vacating its May 14, 2014 judgment in Case No. 2013 07 2044. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. As such, we note that the trial court lacked jurisdiction to amend its May 14, 2014 judgment in Case No. CR 2013 07 2044.

[2] C.A. No. 27551

[3] C.A. No. 27386

I

{¶2} This matter arises from three separate traffic incidents occurring on March 16, 2012, July 25, 2013, and September 24, 2013.

{¶3} Based upon the incidents occurring in March of 2012, and July of 2013, Mr. Rice was indicted in Case No. CR 2013 07 2044 as follows: (1) having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree; (2) failure to comply with order or signal of police officer, in violation of R.C. 2921.331(A), a felony of the third degree; (3) carrying concealed weapons, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; (4) possession of cocaine, in violation of R.C. 2925.11(A)(C)(4), a felony of the fourth degree; (5) forgery, in violation of R.C. 2913.31(A)(2), a felony of the fifth degree; (6) identity fraud, in violation of 2913.49(B)(2), a felony of the fifth degree; (7) possessing a defaced firearm, in violation of R.C. 2923.201, a misdemeanor of the first degree; (8) obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree; (9) driving under suspension, in violation of R.C. 4510.11, a misdemeanor of the first degree; and (10) possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.

{¶4} Further, based upon the incident occurring in September of 2013, Mr. Rice was indicted in Case No. CR 2013 09 2670 as follows: (1) having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree; (2) carrying concealed weapons, in violation of R.C. 2923.12(A)(1)/(A)(2), a felony of the fourth degree; (3) possession of cocaine, in violation of R.C. 2925.11(A)(C)(4), a felony of the fifth degree; (4) driving under suspension, in violation of R.C. 4510.11, a misdemeanor of the first degree; and (5) possession of marijuana, in violation of R.C. 2925.11(A)(C)(3), a minor misdemeanor.

**{¶5}** Mr. Rice pleaded not guilty and a jury trial ensued[4]. In Case No. CR 2013 07 2044, the jury deadlocked on having weapons while under disability and the trial court declared a mistrial on that count[5]. Additionally, the jury found Mr. Rice not guilty of (1) carrying concealed weapons, (2) possessing a defaced firearm, and possessing criminal tools. Further, the jury found Mr. Rice guilty of (1) failure to comply with signal or order of police officer, (2) possession of cocaine, (3) forgery, (4) obstructing official business, and (5) driving under suspension.

**{¶6}** In Case No. CR 2013 09 2670, the jury found Mr. Rice guilty of (1) having weapons while under disability, (2) carrying concealed weapons, (3) possession of cocaine, and (4) driving under suspension. The trial court also made a finding of guilt as to possession of marijuana.

**{¶7}** Mr. Rice appeals, raising four assignments of error.

II

Jurisdiction

**{¶8}** Prior to addressing Mr. Rice's assignments of error, we must raise an issue regarding this Court's jurisdiction. On June 3, 2014, Mr. Rice filed a notice of appeal from the trial court's May 14, 2014 entries in Case Nos. CR 2013 07 2044 and 2013 09 2670. This Court concluded that it was without jurisdiction to consider the appeal from Case No. CR 2013 09 2670 because it was not a final, appealable order. As such, that appeal was dismissed and the trial court issued another judgment dated September 15, 2014.

---

[4] The minor misdemeanor, possession of marijuana, was tried to the court.
[5] The State later dismissed the charge for having weapons while under disability.

{¶9} Upon review of the September 15, 2014 judgment, we determine that it is not a final, appealable order. In this order, the trial court did not impose sentence in Mr. Rice's conviction for possession of marijuana. Instead, the trial court stated that it "waives the fine on renumbered Count 14 (original Count 5 of the Indictment) [possession of marijuana]." In *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 13, "[t]his Court conclude[d] that requiring all charges against a defendant in a single case to be disposed of before the trial court's judgment on any charge is final is what the legislature intended in adopting [R.C.] 2505.02(B)(2) [] and furthers the purpose underlying Article IV, Section 3(B)(2), of the Ohio Constitution." Therefore, because the trial court did not sentence Mr. Rice on all of his convictions, the appeal from Case No. CR 2013 09 2670 is dismissed for lack of jurisdiction.

{¶10} For ease of discussion, we have rearranged and combined Mr. Rice's assignments of error.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN OVERRULING [MR. RICE'S] MOTION FOR
SEVERANCE OF THE CASES.

{¶11} In his second assignment of error, Mr. Rice argues that the trial court erred in overruling his motion for severance of Case Nos. CR 2013 07 2044 and 2013 09 2670.

{¶12} "[Crim.R.] 14 * * * addresses the joinder of completely separate indictments." *State v. Hatfield,* 9th Dist. Summit No. 23716, 2008-Ohio-2431, ¶ 14. "A defendant claiming prejudice by the joinder of offenses may move for severance under Crim.R. 14." *State v. Bennett,* 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 9, quoting *State v. Merriweather,* 9th Dist. Lorain No. 97CA006693, 1998 WL 239773, *3 (May 6, 1998). "A motion to sever made under [Crim.R.] 14, however, requires that the defendant renew [his] motion either at the close of the State's case or at the conclusion of all the evidence." *State v. Bean,* 9th Dist. Summit No. 26852,

2014-Ohio-908, ¶ 26. "A renewal of the motion is necessary because a Crim.R. 14 analysis examines any prejudice resulting from the joinder in light of the evidence introduced at trial." *State v. Hoffman,* 9th Dist. Summit No. 26084, 2013-Ohio-1021, ¶ 8. If a defendant fails to renew his Crim.R. 14 motion, he forfeits the issue on appeal, all but for a claim of plain error. *State v. Garcia*, 9th Dist. Summit Nos. 27810, 27811, 2016-Ohio-4667, ¶ 14, *see also Bean* at ¶ 27.

**{¶13}** Although, prior to trial, Mr. Rice made an oral Crim.R. 14 motion[6] for severance of Case Nos. CR 2013 07 2044 and 2013 09 2670, the record indicates that he failed to renew his motion at either: (1) the close of the State's case, or (2) the conclusion of all the evidence[7]. *See Bean* at ¶ 26. "Because [Mr. Rice] failed to renew his objection to the allegedly prejudicial joinder, he has forfeited all but plain error on appeal." *See Bennett* at ¶ 12. However, Mr. Rice has not argued plain error on appeal. "[T]his Court will not construct a claim of plain error on [Mr. Rice's] behalf if [he] fails to argue plain error on appeal." (Internal quotations and citations omitted.) *See Id.* Because Mr. Rice forfeited his severance argument on appeal, and has not argued plain error, we decline to address the merits of his assignment of error.

**{¶14}** Mr. Rice's second assignment of error is overruled.

---

[6] Mr. Rice did not indicate that his oral motion for severance was made pursuant to Crim.R. 14. However, the context of his argument reveals that Mr. Rice objected to both cases being tried together due to alleged prejudice. As such, this Court proceeds with a Crim.R. 14 analysis.

[7] At the close of the State's case, Mr. Rice made Crim.R. 29 motions as to nine out of fifteen counts in both indictments. The trial court granted Mr. Rice's Crim.R. 29 motion as to count six in Case No. CR 2013 07 2044, and dismissed the charge for identity fraud. The trial court overruled the remaining Crim.R. 29 motions and Mr. Rice did not renew his Crim.R. 14 motion at this time. Moments later, at the conclusion of all the evidence, Mr. Rice rested and "renew[ed] the motions [he] made." Mr. Rice did not specify which "motions" he was renewing, nor did he make a Crim.R. 14 argument as to any alleged prejudice at that time. Taken in context from the record, we conclude that Mr. Rice only renewed his Crim.R. 29 motions at the conclusion of evidence at trial.

Assignment of Error Number Four

THE TRIAL COURT ERRED IN SENTENCING MR. RICE TO A GREATER PRISON TERM THAN IT HAD AGREED TO DURING PLEA NEGOTIATIONS PRIOR TO TRIAL, THEREBY IMPOSING A []TRIAL TAX[].

{¶15} In his fourth assignment of error, Mr. Rice argues that the trial court erred in sentencing him to a greater prison term than the trial court "had considered and was inclined to approve" if Mr. Rice had taken the plea deal offered by the State.

{¶16} In response, the State argues that Mr. Rice has not pointed to any statement of the trial court "which would [imply] that [Mr. Rice's] sentence was increased due to [his] decision to proceed to trial."

{¶17} "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement * * *." *State v. O'Dell,* 45 Ohio St.3d 140 (1989), paragraph two of the syllabus. Hence, "a trial court must refrain from creating the appearance that the failure to plead will result in a more severe sanction." *State v. Turner,* 9th Dist. Summit No. 27210, 2014-Ohio-4460, ¶ 22. "If a court makes statements from which it can be inferred that the sentence was increased due to a defendant's decision to proceed to trial, then that sentence must be vacated unless the record contains unequivocal evidence that the decision to proceed to trial was not considered when sentencing the defendant." *Id.; see also State v. Henry*, 9th Dist. Summit No. 27392, 2015-Ohio-5095, ¶ 19.

{¶18} Here, the following conversation regarding plea negotiations occurred among the assistant prosecutor, defense counsel, the trial court, and Mr. Rice:

> [assistant prosecutor]: Your Honor, the State has offered in the 2013 07 2044 case to have [Mr. Rice] plead to the F-3 weapon[s] under disability, the F-3 failure to comply, the F-4 CCW, and then we would dismiss Counts Four through Ten.

We would also ask that [Mr. Rice] plead in the 2013 09 [2670] case to the F-3 weapon[s] under disability, the F-4 CCW, and the F-5 possession of cocaine, and we would dismiss Counts Four and Five.

* * *

[assistant prosecutor]: Just for the record, Your Honor, it is the State's belief that if [Mr. Rice] is convicted of all the charges in the indictment, his exposure is in excess of 15 years, around 17 years.
And it's the State's understanding * * * that, had he pled, the [c]ourt was inclined to sentence him to six [years], but it was not negotiated between the prosecution and the defense.

[the court]: I understand that.

[assistant prosecutor]: So as I understand it, [Mr. Rice] would potentially * * * get three times as much time, potentially, if he is in fact convicted of everything.

* * *

[defense counsel]: Do you understand that[,] [Mr. Rice]? Do you still wish to go forward?

* * *

[Mr. Rice]: Yes.

[the court]: All right. Mr. Rice, you've heard the State of Ohio place on the record their intentions as it relates to a potential resolution. [Defense counsel] has articulated on the record those discussions and the concept of a period of time following, under those negotiations, that you may be sentenced to. It is my understanding you want to go forward with trial?

* * *

[Mr. Rice]: I said I'm dying anyway, so I might as well go to trial.

* * *

At the sentencing hearing, after allowing the assistant prosecutor, defense counsel, and Mr. Rice

to speak on the record, the trial court stated:

Okay. Well, Mr. Rice, I've had the opportunity to sit through the trial in this case and I appreciate several of the statements that your counsel has made on your behalf, statements such as some of the offenses are low-level offenses, some of

these offenses are no different than any other case, that having a weapon, regardless of the type of weapon is no different than having any other type of weapon, and that your sentence should not be disproportionate to the convictions that the jury has found you guilty of.

I certainly agree that a sentence should not be disproportionate, but those other statements I simply cannot agree with. I sat and listened to evidence and you were convicted back from an incident in July of 2013. You had a weapon in a vehicle, although you were not convicted of that, you chose to flee from the police. We watched that chase, a high-speed chase that was captured on their camera on the front of the cruiser. You put the police officers' lives at risk. You put yourself at risk. You put our community at risk. As we watched that video there were vehicles that you chose to drive down a one-way roadway that were coming the opposite way toward you. You put their lives at risk.

Then, sir, while you're out on bond with that case you are then found guilty of having weapons while under disability, having a concealed weapon in the vehicle, and drugs on you.

I appreciate the fact in your life that you've lived in a place where there are people that you believe have put your life at risk, but on July 13th the only behavior that I see that's put anyone's life at risk was yours.

I sympathize, I understand you're an older gentleman; I understand you've been through a lot. But ultimately your decisions are what I have to hold you accountable for and I have to protect our community and that's what I'm going to do.

The trial court then sentenced Mr. Rice to a total of eight years imprisonment in both cases.

**{¶19}** Upon review of the record, we do not believe that the trial court "taxed" Mr. Rice for exercising his constitutional right to trial. There is no indication that the trial court punished or threatened Mr. Rice for rejecting the plea offer, and there is no appearance of impropriety in any of the trial court's statements to Mr. Rice either prior to trial or at sentencing. The record indicates that the plea offer may have resulted in six years imprisonment, while the trial court actually sentenced Mr. Rice to eight years imprisonment. However, the record clearly shows that Mr. Rice's alleged increased sentence was based upon the trial court's review of the evidence, and specifically of a video of the high-speed chase that put others' lives at risk. As

such, the record contains no inference that Mr. Rice's "sentence was increased due to [his] decision to proceed to trial." *Turner* at ¶ 22.

**{¶20}** Mr. Rice's fourth assignment of error is overruled.

<u>Assignment of Error Number One</u>

MR. RICE'S [SIXTH] AMENDMENT RIGHTS WERE VIOLATED WHEN HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT ERRED IN CONVICTING MR. RICE OF ALLIED OFFENSES OF SIMILAR IMPORT.

**{¶21}** Based upon our determination that assignments of error one and three have been appealed from a non-final, appealable order in Case No. CR 2013 09 2670, we decline to address them due to lack of jurisdiction.

III

**{¶22}** Mr. Rice's second and fourth assignments of error are overruled. Mr. Rice's first and third assignments of error, appealed from Case No. CR 2013 09 2670, are dismissed due to lack of jurisdiction. The May 14, 2014 judgment in Case No. CR 2013 07 2044 is affirmed.

Affirmed, in part,
and dismissed, in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶23} I respectfully dissent, as I would conclude that the sentencing entry in Case No. CR 2013 09 2670 is a final, appealable order. I concur with the remainder of the opinion.

APPEARANCES:

BRIAN M. PIERCE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.