[Cite as *State v. Riddle*, 2018-Ohio-5216.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 3-18-07

    v.

BILLY J. RIDDLE, II,                    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0019

Judgment Affirmed

Date of Decision:    December 26, 2018

APPEARANCES:

    *Adam Charles Stone* for Appellant

    *Ryan M. Hoovler* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Billy J. Riddle II ("Riddle"), brings this appeal from the April 10, 2018, judgment of the Crawford County Common Pleas Court sentencing him to 30 months in prison after Riddle was found guilty in a jury trial of Illegal Conveyance of Drugs of Abuse onto the Grounds of a Specified Government Facility in violation of R.C. 2921.36(A)(2), a felony of the third degree. On appeal, Riddle argues that the trial court erred by permitting the State to discuss Riddle's post-release control violation underlying his initial arrest, and that the trial court erred in providing a "special" jury instruction beyond the standard Ohio Jury Instructions regarding a "specified government facility."

*Relevant Facts and Procedural History*

{¶2} Lieutenant Craig Moser of the Crawford County Sheriff's Department was informed that Riddle had a warrant out for his arrest for violating his post-release control. On January 11, 2018, while Lieutenant Moser and Deputy Brian Wozniak were on patrol, they conducted a traffic stop of a vehicle wherein Riddle was a passenger. Riddle readily identified himself, was notified of the warrant, and was told he was under arrest.

{¶3} Riddle was searched for weapons by both Lieutenant Moser and Deputy Wozniak at the scene, then placed in the back of Deputy Wozniak's cruiser and taken to the Crawford County Jail. Riddle was asked multiple times before he got

to the jail if he had any illegal drugs on him, and he was warned that if he carried any drugs into the jail he could face a felony Illegal Conveyance charge. Riddle repeatedly stated that he did not have any drugs on him.

{¶4} On the ride to the jail, Deputy Wozniak noticed Riddle shifting in the back of his cruiser. Deputy Wozniak testified that such movement was suspicious, and he often saw it when people were trying to hide contraband.

{¶5} Upon arrival at the jail, Riddle was taken to a "searching vestibule inside the jail." (Tr. at 123). Corrections Officer Jonah Watts testified that when an inmate was brought into the jail he had to be searched, both his clothes and his person, and certain medical questions had to be asked to the inmate.

{¶6} Corrections Officer Watts testified that Riddle was searched, that his jeans were removed, and that in the small front "watch" pocket of Riddle's jeans two small "paper bindles" were located. The paper was folded up and dry. Each paper contained suspected marijuana. When Riddle was asked what the papers contained, he said it was "probably a blunt." The suspected marijuana was tested and found to be marijuana, one paper containing .58 grams and the second containing .438 grams. Deputy Wozniak and Corrections Officer Watts testified that the small "watch" pocket in jeans was often used to conceal drugs.

{¶7} As a result of the incident, Riddle was indicted for Illegal Conveyance of Drugs of Abuse onto the Grounds of a Specified Government Facility in violation

of R.C. 2921.36(A)(2), a felony of the third degree. Riddle pled not guilty and his case proceeded to a jury trial.

{¶8} The State presented the testimony of the law enforcement officers involved, the correctional officer who searched Riddle, and the law enforcement officer who tested and confirmed that the bindles contained marijuana. Body camera footage of the traffic stop was also introduced into evidence.

{¶9} Riddle testified on his own behalf, challenging the State's allegation that he "knowingly" conveyed the marijuana to the jail. Riddle argued that he had been wearing the jeans he had on for about a week, ever since he found out there was a warrant for his arrest. He testified that when he found out about the warrant he "did what any man with a history that [he had] would do, [he] put on a few layers of clothes and headed for cover." (Tr. at 157). Riddle testified that he did not know the marijuana was in the pocket of his jeans, that he had a lot of things in his pockets. He testified that if he had known he would have turned the marijuana over to the police, because he knew possession of a small amount of marijuana was not a serious crime. Riddle also testified that he was only shifting around in the backseat of the cruiser on the way to the jail because he was uncomfortable, and it would not have been possible to reach into the front pocket of his jeans being cuffed behind his back.

{¶10} The jury found Riddle guilty of Illegal Conveyance as indicted, and the trial court proceeded to sentence Riddle. He was ordered to serve 30 months in prison on the Illegal Conveyance conviction, consecutive to 500 days for a violation of his post-release control. A judgment entry memorializing Riddle's sentence was filed April 10, 2018. It is from this judgment that Riddle appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred in allowing the State to discuss the post release control violation underlying his initial arrest in violation of the prohibitions of Ohio Evid.R. 403 and Ohio Evid.R. 404.**

**Assignment of Error No. 2**
**The trial court erred in granting the State's motion for a special instruction beyond that provided for by the standard Ohio Jury Instructions in reliance upon *State v. Rice*, 2016-Ohio-8443.**

*First Assignment of Error*

{¶11} In Riddle's first assignment of error, he argues that the trial court erred by allowing the State to discuss the fact that there was a warrant out for his arrest for a post-release control violation. Riddle contends that any testimony regarding the fact that he was on post-release control and had a warrant out for his arrest for a potential violation constituted improper character evidence under Evid.R. 404.

Standard of Review

{¶12} A trial court is vested with broad discretion in the admission of evidence. *State v. Plotts*, 3d Dist. Van Wert No. 15-10-08, 2011-Ohio-900, ¶ 23,

citing *Columbus v. Taylor*, 39 Ohio St.3d 162, 164 (1988). Its evidentiary rulings will not form the basis for a reversal on appeal absent a clear abuse of discretion, which is materially prejudicial to the appellant. *Id.* citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984).

{¶13} Evidence Rule 404 reads, in pertinent part,

**(A) Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:**

**(1) *Character of Accused*. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.**

**\* \* \***

**(B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.**

{¶14} This Court has previously held that "other acts" evidence is admissible under Evid.R. 404(B), if the "other acts" being offered into evidence " \* \* \* 'form part of the immediate background of the alleged act which forms the foundation of

the crime charged in the indictment,' and which are 'inextricably related to the alleged criminal act.' " *State v. Elam,* 3d Dist. No. 5–02–57, 2003–Ohio–1577, at ¶ 15, quoting *State v. Lowe*, 69 Ohio St.3d 527, 531, 634 N.E.2d 616 (1994), quoting *State v. Curry*, 43 Ohio St.2d 66, 73 (1975); *State v. Maag*, 3d Dist. Hancock No. 5-03-32, 2005-Ohio-3761, ¶ 69.

Analysis

**{¶15}** In this case, Riddle first argues that the trial court erred by permitting the State to elicit testimony that Riddle had a warrant for his arrest for a purported violation of post-release control. The trial court discussed this issue on the record before the trial, making the following ruling.

> **Prior to the trial being started and issues being brought before the Court, there is a document entitled Order of Arrest. It is basically a document that was issued by Mark Alspach from the Adult Parole Authority asking for the defendant to be arrested for [a] potential PRC Violation.**
>
> **There is some information contained on this exhibit that could be highly prejudicial and inadmissible in this case. It talks about the fact that the defendant is on Post-Release Control for a Burglary charge as well as the defendant has a history of drugs and alcohol.**
>
> **I'm not going to allow this exhibit to be put into evidence. I don't believe it is appropriate under the circumstances. I think it should be excluded on the basis of prior bad acts, it's 403, is more prejudicial than probative.**
>
> **However, the document itself is not going to be admitted and the State will not be able to discuss the reason why the defendant**

> **is on PRC Burglary as well as the drug and alcohol history unless they can establish the relevance and admissibility.**
>
> **However, I am going to allow the State to explain to the jury, the defendant was on Post-Release Control and did violate Post-Release Control and that Order of Arrest was issued and that's why he was arrested. I think that's relevant. That's illegal conveyance of a prohibited substance into a detention facility, and I do believe that that's relevant to explain to the jury why the defendant was arrested. And I don't believe that there is anything to be overly prejudicial about that particular order. So, after looking at 404, 403, I decided I'm going to allow that in.**

(Tr. at 4-5).

{¶16} During the trial itself, the State followed the trial court's ruling, only eliciting testimony that Riddle was arrested for violating post-release control, leading him to be taken to the Crawford County Jail. The State never asked any witness *why* Riddle was on post-release control during its case-in-chief, or attempted to elicit testimony regarding Riddle's prior Burglary conviction. The State similarly did not ask what action constituted Riddle's purported post-release control violation. Despite the State's adherence to the trial court's ruling, Riddle argues on appeal that the trial court should not have permitted *any* testimony regarding Riddle being on post-release control.

{¶17} Contrary to Riddle's arguments, we cannot find that the trial court abused its discretion here, where Riddle's arrest warrant for a post-release control violation was used to explain how he came to be arrested, leading to him ultimately conveying drugs into the jail.

{¶18} Regardless, even if the trial court somehow abused its discretion, Riddle took the stand in his own defense to testify that he did not know he had marijuana in his small front jeans pocket. When Riddle took the Stand in his case-in-chief, he gave an overview of his criminal history, including the fact that he was on post-release control for a prior Burglary conviction. By taking the stand to testify, Riddle put his credibility into question as a witness, and under Evid.R. 609(A)(2), testimony regarding prior crimes punishable by imprisonment in excess of one year was admissible. Thus we cannot find that the trial court abused its discretion in this case, or even if it did, that there was any prejudice in this case, let alone material prejudice. For these reasons, Riddle's first assignment of error is overruled.

*Second Assignment of Error*

{¶19} In Riddle's second assignment of error, he argues that the trial court erred by adding to the jury instructions that the definition of "detention facility" included "all areas of the facility, including the vestibule." (Tr. at 209).

Standard of Review

{¶20} "Ordinarily, the trial court has discretion to decide to give or refuse a particular instruction, and an appellate court will not disturb that decision absent an abuse of discretion." *State v. Teitelbaum*, 10th Dist. Franklin No. 14AP310, 2016-Ohio-3524, ¶ 127, citing *Clark v. Grant Med. Ctr.*, 10th Dist., 2015-Ohio-4958, ¶

50; *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 105. "However, when a jury instruction contains an incorrect statement of the law, a reviewing court applies a mixed de novo and abuse of discretion standard of review." *Id.*, citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 21, citing *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93 (1995). "Thus, '[i]n examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and "must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." ' " *Id.*, quoting *Kokitka* at 93, 652 N.E.2d 671, quoting *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 208, (1990).

Analysis

{¶21} In this case, during cross-examination of a witness, defense counsel began to ask questions as to where in the jail Riddle's jeans were removed to be searched. Defense counsel also asked questions regarding whether inmates were permitted to take their clothes—such as their jeans—into the jail after they had been removed and searched. During a sidebar, defense counsel indicated that he was attempting to make the point that Riddle had no reasonable chance of getting marijuana into the jail that was in his jeans pocket, since his jeans would not be permitted to go with him in the jail.

{¶22} However, due to the nature of the questioning, the prosecutor objected, stating that defense counsel appeared to be indicating to the jury that the "vestibule"

where Riddle was searched and his clothes were removed, was not part of the jail. Defense counsel stated at that time that he was not making such a suggestion; rather, he was arguing that the fact that since Riddle could not reasonably have gotten the marijuana into the jail, it was circumstantial evidence that he was unaware that the marijuana was actually in his jeans pocket.

{¶23} The issue regarding "the vestibule" and what constituted a "detention facility," arose again as the court and the parties were preparing jury instructions. At that time, the following dialogue took place.

> **THE COURT: Yeah. Prior, as the ones we looked at before. We had the issue of what constitutes an area of detention facility. Is there any besides that particular, anything else you want me to say?**
>
> **[DEFENSE COUNSEL]: No.**
>
> **THE COURT: Any objections?**
>
> **[DEFENSE COUNSEL]: No, I don't believe I have an issue.**
>
> **THE COURT: Now, [Prosecutor], it's my understanding you wanted an instruction basically explaining that the vestibule is part of the detention facility; is that correct?**
>
> **[PROSECUTOR]: Yes, Your Honor. I believe I have multiple cases that go into the fact that the grounds of a detention facility is the detention facility in terms of this law. So I mean the argument that it didn't get to population, I think defining that as only the detention facility, I think is a disingenuous point of law.**
>
> **So, I believe there is no doubt once you're inside the vestibule of the Crawford County Jail, that it is in fact inside a detention facility.**

**THE COURT:** [Defense Counsel] are you contesting that the vestibule was part of the detention facility?

**[DEFENSE COUNSEL]:** No, Your Honor, but I believe that the, the instructions under the current, that are currently there, sufficiently explain the matter to the jury. I do not believe we need special instructions or anything more specific that defines, other than what has been basically accepted by the, under the standard jury instructions.

**THE COURT:** Normally, I would agree with you, [Defense Counsel]. I don't believe this is a big deal, but your question was inadvertent. I don't believe you were trying to establish the vestibule was not part of the detention facility. I think the point you were making had to do with the viability of trying to, trying to smuggle drugs into the jail, and basically the impossibility of that.

**[DEFENSE COUNSEL]:** Yes, sir.

**THE COURT:** Especially after clothing has been logged into basically the property room.

However, I could see how the jury might be somewhat confused by that particular issue, and so I am going to grant a very small instruction in this particular case.

In fact, I happened to take a look at a case eerily similar to this case, State versus Rice, I believe it's a 9th District case here. Very similar facts involving marijuana in a vestibule. It was a guilty verdict.

I don't believe that issue was even addressed specifically whether or not it was, but it's clear from this particular case the vestibule is part of the jail, the detention facility.

So I'm going to add one sentence to the end of detention facility. Simply going to read, "Detention facility includes all areas of the facility including the vestibule".

**I understand your objection, [Defense Counsel]. It is noted for the record.**

**[DEFENSE COUNSEL]: Yes, sir.**

**THE COURT: But in this case, that issue is not even being contested in this particular matter, but I do agree that there was a little bit of confusion as to where you were going with this. [The Prosecutor] wasn't sure, so the jury might follow the same position. So I'm going to go with that just to clarify.**

**Again, it's very clear what's going on here. [Defense Counsel] is arguing knowingly and I believe that is the issue that the jury is going to make their decision on, based upon knowingly; and it is a correct statement of law that the vestibule is part of the detention facility.**

**[DEFENSE COUNSEL]: I don't believe I ever raised anything that said otherwise.**

(Tr. at 181-184).

**{¶24}** Following the discussion, and closing arguments, the trial court gave

the following jury instruction regarding "detention facility."

**Detention facility is defined as, detention facility means any public or private place used for the confinement of a person charged with or convicted of any crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States. The detention facility includes all areas of the facility, including the vestibule.**

(Tr. at 209).[1]

---

[1] Notably, other than the preface and the last line regarding the "vestibule," the definition is exactly as stated in R.C. 2921.01(F).

**{¶25}** Riddle contends on appeal that the trial court erred by adding the "vestibule" line to the jury instruction, arguing that the vestibule is not necessarily part of a jail facility as a matter of *law*, and that the trial court erroneously deprived the jury of the ability to determine that fact.

**{¶26}** In support of its decision to give the instruction regarding the "vestibule," the trial court cited *State v. Rice*, 9th Dist. Medina No. 02CA0002-M, 2002-Ohio-5042, ¶ 18, wherein a defendant was convicted of "Illegal Conveyance" in violation of R.C. 2921.36(A)(2). In *Rice*, the defendant denied that he had any contraband when he was taken to the county jail, but when he was searched from the "garage to the vestibule" at the jail, marijuana was found in his pocket covered by wadded up money. On appeal the conviction was upheld as the vestibule was part of the jail. The *Rice* case does support the trial court's decision to provide the extra instruction in this case.

**{¶27}** Moreover, the legislative history regarding the definition of "detention facility" in R.C. 2921.01(F), indicates that it is "broadly defined," which would further support the trial court's decision.

**{¶28}** Based on the record before us we cannot find that the trial court erred by adding the extra definition regarding "vestibule" to the jury instructions. Therefore, Riddle's second assignment of error is overruled.

*Conclusion*

**{¶29}** For the foregoing reasons Riddle's assignments of error are overruled and the judgment of the Crawford County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**